IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES

vs.                                        NO:4:06CR00255 (1) WRW/JFF

ANTHONY D. HARRIS

**MEMORANDUM AND ORDER**

Anthony D. Harris has been indicted, on July 11, 2006, for conspiracy to murder a witness in a Federal proceeding, and for attempting to do so, in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 2. The government has moved to detain Mr. Harris.

The threshold issue to be decided is whether the presumption for detention found in the Bail Reform Act (18 U.S.C. § 3142 *et seq*.) is applicable to this case. Mr. Harris, albeit a previously convicted felon, does not qualify for the "previous violator" presumption because his prior felony[1] did not occur while he was free on bail. *See* 18 U.S.C. § 3142(e). Thus the inquiry is whether the second presumption found in Section (e) is applicable. Section (e) provides in pertinent part:

> Subject to rebuttal by the person, is shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds the probable cause to believe that the person committed an offense for which a maximum prison term of ten years or more is prescribed in ...section 924(c)...of this title...

---

[1] Mr. Harris was convicted of manufacture, possession and deliver of a controlled substance in Pulaski County Circuit Court on July 2, 2003. He received a sentence of ten years in the Arkansas Department of Correction (ADC), from which he was paroled on May 10, 2004.

Probable cause is established by the indictment. *U.S.* v. *Moss*, 887 F.2d 333 (1st Cir. 1989).

18 U.S.C. § 924(c), in turn, reads as follows in Section (c)(1)(A):

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime...for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime...

Overt Act 31 of the instant Indictment alleges that Mr. Harris possessed a pistol on the afternoon of April 7, 2005 for the purpose of aiding and abetting Brandon Reed and Garrick Allmon (both of whom were armed and in the car driven by Mr. Harris) in attempting to murder Turna Grisby by gunfire.

This jurist thus concludes that the presumption, that there is no condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community, applies to Mr. Harris' case.

From the testimony, charging document and exhibits at the hearing, it is concluded that the instant offenses were committed while the defendant was on parole[2]; that his prior conviction is for a drug felony; that the defendant has continued to use controlled substances regularly notwithstanding that he completed the ADC's Substance Abuse Treatment Program while in prison; that his employment is part-time and regular but scant; that Mr. Harris went to Tennessee to see Derrick Allmon, the mastermind of this attempted witness assassination; that he kept the getaway vehicle at his house prior to the crime; and that his then girlfriend assisted in setting up the assassination attempt.

---

[2] Defendant's ADC parole term extends into 2013.

Taking into account the factors set forth in 18 U.S.C. § 3142(g), it is concluded that Mr. Harris must be detained. The presumption of dangerousness has not been rebutted. The companion case against Derrick Allmon has been rife with threats, flight, intimidations, shootings, attempted murder and murder. The presumption is to be given its most substantial weight in cases involving drugs or, as here, in crimes of violence. *U.S. v. Shea*, 749 F. Supp. 1162 (D. Mass. 1990).

18 U.S.C. § 3142(g), previously mentioned, provides as follows:

(g) Factors to be considered**.** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

(2) the weight of the evidence against the person

(3) the history and characteristics of the person, including

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release...

Juxtaposing the proof in this case to the factors, it must be initially noted that factor (1) commences with mention of crimes of violence. Factor (2), the weight of the evidence, is not strong in this case, at least as much of it as thus far revealed by the government. Factor (3), history, includes a number of supportive relatives and long residence in the community, but also includes drug abuse, which is specifically mentioned in the statute. Likewise, the fact that a defendant is on parole when the charged offense occurred was thought by Congress to be significant, and is present

here. Factor (4), the nature and seriousness of the danger to any person or the community that would be posed by the person's release, speaks for itself. The charged crimes are crimes of violence, and violence has been the malignant handmaiden of this and the related cases. While the government articulated no specific concerns, this jurist concludes that the presumption itself weighs this factor against the defendant.

It is therefore ordered that Mr. Anthony D. Harris be detained pending trial.

SO ORDERED this 15th day of February, 2007.

UNITED STATES MAGISTRATE JUDGE