IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                  4:06-CR-00255-WRW

ANTHONY HARRIS and
BRANDON REED

JULIAN ALLMON                                                            CONTEMNOR

## ORDER

Pending is Contemnor Julian Allmon's Motion to Dismiss for lack of probable cause.[1] The Prosecution has responded.[2]

On February 27, 2008, the Prosecution called Julian Allmon ("Allmon") as a witness, to testify regarding Anthony Harris's and Brandon Reed's alleged involvement in the attempted murder of Turna Grigsby. Rather than repeating the testimony he gave in the *United States v. Derek Allmon* trial,[3] Julian Allmon refused to testify at all.

Allmon's refusal to testify apparently rested on what might happen when other inmates found out he testified for the government. Additionally, Allmon's counsel argued that the Fifth Amendment claims may arise if Allmon's testimony were to change out of fear of reprisal from other inmates; such fear does not permit a refusal to testify.[4] While on the stand, Allmon

---

[1]Doc. No. 94.

[2]Doc. No. 95.

[3]In that trial, Julian Allmon testified that Derek Allmon ordered and that Anthony Harris and Brandon Reed were involved in the conspiracy and attempted murder of Turna Grigsby.

[4]See *LaTona v. U.S.*, 449 F.2d 121, 122 (8th Cir. 1971) (holding that fear of reprisal does not excuse a witness from testifying). See also *U.S. v. Madrigal*, 171 F.3d 1188, 1189 (8th Cir. 1999) (holding that "fear of reprisal is not a defense in a criminal contempt proceeding.").

1

asserted that he did not want to testify and was willing to forgo a downward departure for cooperation, because he did not want to testify against his cousins (Reed and Harris). Allmon also suggested that he would answer questions by his cousins' lawyers, just not the Prosecution. I directed Allmon to testify, and he refused.

As I ruled at the trial, and after again reviewing the testimony and briefs, I do not believe Allmon had a Fifth Amendment right[5] (or any other right) to refuse to testify when compelled to do so by the Court. Accordingly, Allmon's Motion to Dismiss for lack of probable cause (Doc. No. 94) is DENIED.

IT IS SO ORDERED, this 11th day of February, 2009.

/s/ Wm. R. Wilson, Jr.\
UNITED STATES DISTRICT JUDGE

---

[5] Allmon entered into a plea agreement with the Prosecution that reads: "The defendant further understands that by entering into this Agreement, he is waiving certain constitutional rights, including . . . the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant." Allmon also agreed to "fully cooperate with the United States . . . [and] To testify before any grand and/or petit jury as a witness for the United States when deemed appropriate by the United States. See, March 20, 2006 Plea Agreement.